IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA


MARLON GOODWIN )
 )
        Plaintiff, pro se, )
 )
v. ) 1:09CV151
 )
BRIAN BEASLEY, et al., )
 )
        Defendants. )

**MEMORANDUM ORDER**

The Recommendation of the United States Magistrate Judge was filed with the Court in accordance with 28 U.S.C. § 636(b) and, on June 18, 2010, was served on the parties in this action. Defendants Carter, Wood and Barnes objected to the Recommendation.[1]

The Court has appropriately reviewed de novo the portions of the Magistrate Judge's report to which objection was made and adopts the Magistrate Judge's Recommendation with modification. Except as otherwise stated below, the remainder of the Recommendation is adopted in its entirety.

---

[1]The Magistrate Judge's Recommendation is conflicting as to the dismissal of the claim against Defendant Barnes in his individual capacity. The Magistrate Judge recommends that the court grant the motion to dismiss the individual capacity claim against Defendant Barnes, see Recommendation at 1-2, 22; however, the Magistrate Judge explains and ultimately concludes on pages 21-22 of his Recommendation that Defendant Barnes's motion to dismiss in his individual capacity should be denied. Defendant Barnes proceeded in his Objection to the Recommendation assuming that the Magistrate Judge recommends that the court deny his motion to dismiss. This Order also proceeds assuming the Magistrate Judge recommends that the court deny Defendant Barnes's motion to dismiss in his individual capacity.

Although the Magistrate Judge recommends denial of Defendant Barnes's motion to dismiss in his individual capacity, Defendant Barnes's motion should be granted. Mr. Goodwin's allegations against Defendant Barnes hint at failure to supervise and failure to train his subordinate officers, but they are insufficient to state a claim for either.

Under 42 U.S.C. § 1983, supervisor liability arises when

> (1) ... the supervisor had actual or constructive knowledge that his subordinate was engaged in conduct that posed 'a pervasive and unreasonable risk' of constitutional injury to citizens like the plaintiff; (2) ... the supervisor's response to that knowledge was so inadequate as to show 'deliberate indifference to or tacit authorization of the alleged offensive practices,'; and (3) ... there was an 'affirmative causal link' between the supervisor's inaction and the particular constitutional injury suffered by the plaintiff.

Shaw v. Stroud, 13 F.3d 791, 799 (4th Cir. 1994) (citations omitted). To meet the first requirement, the plaintiff must proffer evidence that the misconduct has occurred on other occasions or is "widespread." Id. Further, to establish that the supervisor's response is deliberately indifferent, the plaintiff must show the supervisor's "'continued inaction in the face of documented widespread abuses,'" which is a "heavy burden." Id. (quoting Slakan v. Porter, 737 F.2d 368, 372-73 (4th Cir. 1984)). Finally, the plaintiff may show an affirmative causal link between the supervisor's response and the plaintiff's injury when the injury is a "natural consequence[]" of the supervisor's inaction. Id. at 800 (quoting Slakan, 737 at 376).

A supervisor may be liable for failure to train "only where the failure to train

amounts to deliberate indifference to the rights of persons with whom the [law enforcement] come[s] into contact." City of Canton v. Harris, 489 U.S. 378, 388 (1989) (analyzing whether a municipality may be liable for failure to train); see also Young v. City of Mount Ranier, 238 F.3d 567 (4th Cir. 2001) (treating municipality and sheriff as "governmental employers" and implying failure-to-train claims against both would be held to the same standard, although court did not analyze the claims as there was no underlying constitutional violation by an employee). Only where "'a deliberate choice to follow a course of action is made from among various alternatives'" is a municipality liable under § 1983. Canton, 489 U.S. at 390 (quoting Pembaur v. Cincinnati, 475 U.S. 469, 483-84 (1986)). In other words, deliberate indifference in the context of failure-to-train arises when "in light of the duties assigned to specific officers … the need for more or different training is so obvious, and the inadequacy [is] so likely to result in the violation of constitutional rights." Canton, 489 U.S. at 390. In such a situation, "the failure to provide proper training may fairly be said to represent a policy." Id.

Although Federal Rule of Civil Procedure 8 merely requires a "short and plain statement of the claim showing that the pleader is entitled to relief," "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). The plaintiff must state a claim that is "plausible on its face." Id. "Where a complaint pleads facts that are 'merely consistent with' a

defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.'" Id. (quoting Twombly, 550 U.S. at 557).  Although pro se complaints are construed liberally, they must plead "'factual matter' that permits the court to infer 'more than the mere possibility of misconduct.'" Atherton v. D.C. Office of Mayor, 567. F.3d 672, 681-82 (D.C. Cir. 2009) quoted in Dolgaleva v. Va. Beach City Pub. Sch., 364 Fed. Appx. 820 (4th Cir. 2010) (unpublished).

While Mr. Goodwin may plead facts that are "consistent" with Defendant Barnes's failure to supervise and failure to train, the facts, taken as true, do not state a claim that is "plausible."  Mr. Goodwin alleges Defendant Barnes "compromised [Mr. Goodwin's] safety by not having in order and enforcing his staff at the [jail] to conduct proper entry and or booking screenings...." Complaint, Claim 2 at 6.  According to Claim 2 of the Complaint, Captain Reid did not have a "trained jailer assigned to the floor which led to Robin Worth not locking down after being ordered too [sic]." Id. at 7.  Officer Carter[2] "opened [Robin Worth's] door from the control panel showing her not being trained in handling a basic lockdown." Id.  Carter also did not verify Worth was in his cell during lockdown. Id.  Mr. Goodwin alleges that Defendant Barnes's "failure to train and enforcing [sic] jailhouse screening policy and the training of Kim Carter during her conduction [sic] of ordering an inmate to lock-down violated [his] U.S. Constitutional

---

[2]Officer Carter and Sergeant Wood are the only defendants against whom Mr. Goodwin sufficiently alleges facts to support a claim for deliberate indifference.  In order for a supervisor to be liable, even if all other facts are sufficiently pled, employees or subordinates of the supervisor must have actually committed constitutional violations themselves. See Young, 238 F.3d at 579.

-4-

Rights…." Id. at 8. While Mr. Goodwin pleads additional facts particular to all defendants, he alleges no additional facts that would support a claim of supervisor liability against Defendant Barnes.

There are no facts to suggest Defendant Barnes had actual or constructive knowledge that a subordinate's conduct posed a pervasive and unreasonable risk of injury. Without such a showing, Mr. Goodwin also is unable to allege facts of Defendant Barnes's continued inaction in the face of widespread abuses. Mr. Goodwin does allege that he filed two previous grievances against Sergeant Wood for other misconduct, but this does not evidence widespread abuse. Consequently, Mr. Goodwin has not pled facts that suggest his injuries are a natural consequence of Defendant Barnes's actions. Nor has Mr. Goodwin alleged facts that Defendant Barnes has a custom or policy of not training officers on screening, booking, or lock-down procedures. As a result, Mr. Goodwin has not "'nudged [his] claims' [against Defendant Barnes in his individual capacity]… 'across the line from conceivable to plausible.'" Iqbal, 129 S.Ct. at 1950-51 (quoting Twombly, 550 U.S. at 570).

The Court will not address qualified immunity at this stage in the pleadings, since alleged facts are taken as true in the face of a motion to dismiss for failure to state a claim. Instead, Officer Carter and Sergeant Wood may present qualified immunity as an affirmative defense in a motion for summary judgment.

For the foregoing reasons, the court adopts the Magistrate Judge's

Recommendation with modification.

**IT IS THEREFORE ORDERED** that Defendant Beasley's motion to dismiss [Docket No. 15] be **GRANTED**, that the motion to dismiss in their official capacities as to Defendants Carter, Reid, Wood, and Doe [Docket No. 25] be **GRANTED**, that the motion to dismiss in their individual capacities as to Defendants Reid, Doe, and Barnes [Docket No. 25] be **GRANTED**, and that the motion to dismiss in their individual capacities as to Defendants Carter and Wood [Docket No. 25] be **DENIED**. A judgment dismissing the action against Defendants Beasley, Reid, and Doe will be entered contemporaneously with this Order.

This the 24th day of January, 2011.

                                              /s/ N. Carlton Tilley, Jr.
                                              Senior United States District Judge