# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| MARLON GOODWIN, ) | |
| ) | |
| Plaintiff, pro se, ) | |
| ) | **MEMORANDUM OPINION,** |
| v. ) | **ORDER, AND RECOMMENDATION** |
| ) | |
| BRIAN BEASLEY, et al., ) | 1:09CV151 |
| ) | |
| Defendants. ) | |

This matter is before the court on a motion for summary judgment by Defendant Dee Everett (docket no. 46), a motion for an extension of time to file a response/reply by Plaintiff (docket no. 57), and a motion to continue by Plaintiff (docket no. 56). The parties have either responded to the respective motions or the time to do so has passed. In this posture, the motions are ripe for disposition. Furthermore, because the parties have not consented to the jurisdiction of the magistrate judge, the motion for summary judgment must be dealt with by recommendation. For the following reasons, it will be recommended that the court grant Defendant Everett's motion for summary judgment based on Plaintiff's failure to exhaust administrative remedies. Furthermore, Plaintiff's motions for an extension of time and for a continuance are both denied.

**BACKGROUND AND FACTS**

Plaintiff filed this pro se 42 U.S.C. § 1983 complaint based on an incident that occurred while he was incarcerated as a pre-trial detainee at the Guilford

County–High Point Detention Center (also referred to as the "Guilford County Jail") in which another inmate attacked and injured Plaintiff on March 15, 2006. Defendant Everett is a licensed practical nurse who provided treatment to Plaintiff after the attack. (*See* Aff. of Dolores ("Dee") Everett ¶¶ 2-3.) On the day of the attack, Plaintiff went to the medical unit complaining of a large knot on his head resulting from the attack. Defendant Everett cleaned Plaintiff's wounds and administered extra strength Tylenol for his head pain. She ordered that Plaintiff receive two extra strength Tylenol tablets, three times per day, for five days. Defendant Everett consulted with the Medical Director, Dr. Sami Hassan, regarding Plaintiff's injury, and Dr. Hassan approved the treatment performed. (*Id.* ¶ 4.)

On March 20, 2006, Dr. Hassan saw Plaintiff and extended the order for Plaintiff to receive extra strength Tylenol. (*Id.* ¶ 5.) On March 23, 2006, the order for Plaintiff's extra strength Tylenol was extended for an additional seven days. On March 30, 2006, the order for Plaintiff's extra strength Tylenol was extended for another 14 days. (*Id.*) On March 31, 2006, Plaintiff submitted a Sick Call Request in which he asked why his pain pills had been discontinued. (Docket no. 6, Am. Compl., Ex. E.) Defendant Everett responded that "your meds have been discontinued." (*Id.*) Upon further checking, however, Defendant Everett determined that Dr. Hassan had extended the order for Plaintiff to receive Tylenol. (Everett Aff. ¶ 6.) Further, Defendant Everett saw that Plaintiff's medical chart indicated that he

was receiving extra strength Tylenol three times per day. (Docket no. 6, Am. Compl., Ex. F., *see also* Everett Aff. ¶ 6.) On the same day, March 31, 2006, Plaintiff submitted another request on an Inmate Request Form, wherein he asked why his pain medication had been discontinued. (Docket no. 6, Am. Compl., Ex. F.) Defendant Everett responded to Plaintiff's second inquiry and informed him that his medication had, in fact, not been cut short, and that he was receiving his medication three times per day. (*Id.*; *see also* Everett Aff. ¶ 6.) Plaintiff alleges that as a result of the attack, he suffered from severe headaches for four months and that he has permanent scars on his head from his injuries.

**SUMMARY JUDGMENT STANDARD**

Summary judgment is appropriate when there exists no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c); *Zahodnick v. Int'l Bus. Machs. Corp.*, 135 F.3d 911, 913 (4th Cir. 1997). The party seeking summary judgment bears the burden of initially coming forward and demonstrating the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the moving party has met its burden, the non-moving party must then affirmatively demonstrate that there is a genuine issue of material fact which requires trial. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). There is no issue for trial unless there is sufficient evidence favoring the non-moving party for a fact finder to return a verdict for that party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986);

3

*Sylvia Dev. Corp. v. Calvert County, Md.*, 48 F.3d 810, 817 (4th Cir. 1995). Thus, the moving party can bear his burden either by presenting affirmative evidence or by demonstrating that the non-moving party's evidence is insufficient to establish his claim. *Celotex Corp.*, 477 U.S. at 331 (Brennan, J., dissenting). When making the summary judgment determination, the court must view the evidence, and all justifiable inferences from the evidence, in the light most favorable to the non-moving party. *Zahodnick*, 135 F.3d at 913; *Halperin v. Abacus Tech. Corp.*, 128 F.3d 191, 196 (4th Cir. 1997).

**DISCUSSION**

Defendant Everett argues that summary judgment is appropriate because Plaintiff failed to exhaust his administrative remedies as to his claims against Everett.[1] The Prison Litigation Reform Act ("PLRA") requires that a prisoner[2] exhaust his administrative remedies before filing a Section 1983 action.[3] 42 U.S.C.

---

[1] Defendant Everett also contends that she is entitled to summary judgment on the merits. Because the undersigned agrees that Plaintiff has not exhausted his administrative remedies, the court will not reach the merits.

[2] A "prisoner" is defined to mean "any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law[.]" 42 U.S.C. § 1997e(h). Thus, exhaustion of administrative remedies is required of pretrial detainees such as Plaintiff. *See Tate v. Anderson*, C.A. No. 8:05-3085-HMH-BHH, 2007 WL 28982, at *4 (D.S.C. Jan. 03, 2007) (citing *United States v. Al-Marri*, 239 F. Supp. 2d 366, 367-68 (S.D.N.Y. 2002) (holding that a pretrial detainee is required to exhaust administrative remedies under PLRA before filing suit)).

[3] The PLRA provides in pertinent part: "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a).

4

§ 1997e(a).  The exhaustion requirement applies "to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong."  *Porter v. Nussle*, 534 U.S. 516, 532 (2002).  It is well settled by now that Section 1997e's exhaustion requirement is mandatory.  *See Jones v. Bock*, 549 U.S. 199, 211 (2007); *see also Woodford v. Ngo*, 548 U.S. 81, 90-91 (2006) (stating that the PLRA requires "proper exhaustion," which "demands compliance with an agency's deadlines and other critical procedural rules"); *Anderson v. XYZ Correctional Health Servs., Inc.*, 407 F.3d 674, 676-77 (4th Cir. 2005) (citing *Porter*, 534 U.S. at 524).

Plaintiff's Failure to Exhaust Administrative Remedies

In support of the motion for summary judgment, Defendant Everett has submitted a declaration of Captain C. Reid, an employee of the Guilford County Sheriff's Office.  (*See* docket no. 46, Attachment 1, Declaration of Captain C. Reid.) Attached to the Reid declaration is a copy of the Grievance Policy for Guilford County–High Point Detention Center, which provides inmates with a formal grievance mechanism for resolving complaints arising out of incarceration in the detention center.  (Reid Decl., Attachment A.)  Reid attests in his declaration that "[d]uring the relevant time period, inmates were made aware of the existence of a grievance process during orientation to the facility, which took place prior to the inmate's first appearance, and the Inmate Handbook was made available to inmates for review upon request."  (Reid Decl. ¶ 2.)  Defendant has also submitted a

5

declaration from Officer C. Gwynn, an employee of the Guilford County Sheriff's Office, who maintains inmate grievance forms as part of her job duties. (*See* docket no. 46, Attachment 2, Declaration of Officer C. Gwynn.) According to Gwynn's declaration, Plaintiff did not file any formal grievances regarding his allegations of deliberate indifference to serious medical needs while incarcerated in the detention center. (Gwynn Decl. ¶¶ 2-3.) Defendant Everett contends that because there is no evidence that Plaintiff initiated or completed the grievance process, it is clear that he did not exhaust the administrative remedies available to him. Defendant Everett contends that the court should therefore grant summary judgment based on Plaintiff's failure to exhaust administrative remedies under the Prison Litigation Reform Act. *See* 42 U.S.C. § 1997e.

In response to Defendant's arguments regarding exhaustion, Plaintiff admits that he did not exhaust his administrative remedies as to his claim for deliberate indifference to serious medical needs. Plaintiff argues in conclusory fashion in his affidavit, however, that administrative remedies were not available to him because prison officials never gave him the proper grievance forms.[4] More specifically, as part of his deliberate indifference claim, Plaintiff contends that Defendants refused to provide him proper medical treatment after his injuries. Plaintiff contends that he

---

[4] As to Plaintiff's contention that Defendant Everett was deliberately indifferent to his serious medical needs based on her failure to summon a medical doctor immediately after his injury, Plaintiff admits that this grievance was resolved informally before having to file a formal grievance because he was subsequently treated by Dr. Hassan.

6

submitted request forms to medical, but his course of treatment was never changed, "nor was I ever given the proper grievance to complain about my inadequate medical treatment."  (*See* Plaintiff's Aff. p. 3, docket no. 61.)  As part of this argument, Plaintiff complains that the grievance system at the jail is defective and he was not made fully aware of the process for filing a grievance.  Plaintiff asserts in his affidavit that he "tried to properly comply and address these issues with Defendant Dee Everett and the proper Guilford County Jail Officials, but they would not co-operate or underminded [sic] my intelligence and concerns for my health and well-being, which resulted in my filing of my civil suit with this court." (*Id.* p. 4.)

A plaintiff is only required to exhaust "available" administrative remedies. *Moore v. Bennette*, 517 F.3d 717, 725 (4th Cir. 2008).  "[A]n administrative remedy is not considered to have been available if a prisoner, through no fault of his own, was prevented from availing himself of it."  *Id.* (citing *Aquilar-Avellaveda v. Terrell*, 478 F.3d 1223, 1225 (10th Cir. 2007)); *see also Hill v. O'Brien,* No. 09-6823, 2010 WL 2748807, at *3 (4th Cir. July 12, 2010); *Mitchell v. Horn*, 318 F.3d 523, 529 (3d Cir. 2003); *Miller v. Norris,* 247 F.3d 736, 740 (8th Cir. 2001).  Thus, in some instances a plaintiff may produce evidence sufficient to raise an issue as to whether prison officials took active steps to thwart his right to file grievances and that his administrative remedies were therefore not "available" to him.  *See Hill v. Haynes*, 380 Fed. Appx. 268, 273-74 (4th Cir. 2010) (unpublished) (reversing the district court's granting of summary judgment, finding that genuine issues of material fact precluded summary judgment as to exhaustion of administrative remedies, and

7

remanding for the district court to determine whether the grievance procedure was "available" to plaintiff within the meaning of Section 1997e(a)).

Plaintiff has simply not introduced sufficient evidence on summary judgment showing that prison officials took active steps to thwart his right to file grievances and that his administrative remedies were therefore not available to him. Plaintiff's conclusory allegations that prison officials did not cooperate with him and that the grievance process at the jail was defective are not enough to excuse his failure to exhaust. Courts have squarely rejected prisoners' attempts to bypass the exhaustion requirements by merely arguing lack of knowledge about the grievance process. *See Graham v. County of Gloucester*, 668 F. Supp. 2d 734, 740-41 (E.D. Va. 2009) (citing authority from various circuits and stating that "a prisoner's claim that the grievance system was unavailable to him because he lacked full knowledge of the specifics of the grievance process does not excuse or waive a failure to exhaust administrative remedies"). For all these reasons, the court should find that Plaintiff failed to exhaust his administrative remedies with respect to his claims against Defendant Everett.

**CONCLUSION**

Plaintiff concedes that he did not exhaust his administrative remedies, and he has not presented any admissible evidence indicating that administrative remedies were not available to him or that prison officials thwarted his attempt to avail himself of the grievance procedure. Therefore, Plaintiff's claims against Defendant Everett

must be dismissed without prejudice pursuant to Section 1997e for failure to exhaust administrative remedies.

Accordingly, **IT IS RECOMMENDED** that the court **GRANT** Defendant Everett's motion for summary judgment based on Plaintiff's failure to exhaust administrative remedies (docket no. 46). To this extent, Plaintiff's Section 1983 claims against Defendant Everett should be dismissed without prejudice.[5] Plaintiff's motion for an extension of time to file a response/reply (docket no. 57) and Plaintiff's motion to continue (docket no. 56) are both **DENIED**.

_____
WALLACE W. DIXON
United States Magistrate Judge

March 3, 2011

---

[5] According to Defendant the statute of limitations has expired; thus, a dismissal would be, for all intents and purposes, *with* prejudice.